UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ISTONY MARCELON,

      Plaintiff,                               **JURY TRIAL DEMANDED**

v.

PHOENIX MANAGEMENT SERVICES,
INC., a Florida profit corporation,

      Defendant.
_____/

**JURY TRIAL DEMANDED**

ISTONY MARCELON ("MARCELON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendant, PHOENIX MANAGEMENT SERVICES, INC., a Florida profit corporation (hereinafter, "PHOENIX"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, PHOENIX regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, PHOENIX operated a management company. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which

were used commercially in Defendant' business, and moved in interstate commerce. This included tools, supplies and machinery that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Southern District of Florida.

6. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendant is and continues to be a corporation doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, MARCELON was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, PHOENIX, was conducting business in Lauderdale Lakes, Broward County, Florida with its principal location in that city.

10. At all times material hereto, Defendant, PHOENIX was the employer of Plaintiff, MARCELON.

11. At all times material hereto, Defendant, PHOENIX was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, MARCELON his lawfully earned wages in conformance with the FLSA.

13. Defendant committed a willful and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

14. At all times material hereto, corporate Defendant, PHOENIX operated an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, MARCELON was directly essential to the business performed by Defendant.

16. Plaintiff, MARCELON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about March 24, 2017, Plaintiff, MARCELON was hired by the Defendant as a maintenance man at the Defendant's property management company. His employment ended on around January 5, 2020.

18. Plaintiff, MARCELON was paid an hourly rate of $16.00 per hour.

19. Plaintiff, MARCELON was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week.

20. Defendant knowingly and willfully operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

21. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, MARCELON repeats and realleges Paragraphs 1 through 21 as if fully set forth herein. Plaintiff, MARCELON's employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

23. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, MARCELON was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

24. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff, MARCELON intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

25. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, MARCELON at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

26. Defendant failed to properly disclose or apprise Plaintiff, MARCELON of his rights under the FLSA.

27. As a direct and proximate result of Defendant' willful disregard of the FLSA, Plaintiff, MARCELON is entitled to liquidated damages pursuant to the FLSA.

28. Due to the willful and unlawful actions of the Defendant, Plaintiff, MARCELON has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

29. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, MARCELON respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   March 11, 2020.

                                                Respectfully submitted,

                                                BOBER & BOBER, P.A.
                                                Attorneys for Plaintiff
                                                2699 Stirling Road, Suite A-304
                                                Hollywood, FL 33312
                                                Phone: (954) 922-2298
                                                Fax: (954) 922-5455
                                                peter@boberlaw.com
                                                samara@boberlaw.com

                                            By: <u>s/. Peter Bober</u>
                                                    PETER BOBER
                                                    FBN:  0122955
                                                    SAMARA BOBER
                                                    FBN: 0156248